# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:05-00124

MATTHEW JAMES WHITE,

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Matthew James White's Motion for Reduction of Sentence under the First Step Act of 2018. *Eligibility Mem.*, ECF No. 115. For the reasons set forth herein, the Court **GRANTS** the motion.

### I. BACKGROUND

On October 24, 2005, Defendant pleaded guilty to a single-count indictment charging him with possession with the intent to distribute fifty grams or more of cocaine base, or "crack," in violation of 21 U.S.C. § 841(a)(1). *Eligibility Mem.*, at 1. On February 8, 2006, this Court sentenced Defendant to a term of 292 months of imprisonment and five years of supervised release. *Resp. to Eligibility Mem.*, ECF No. 117, at 2; *Probation Mem.*, at 3. At the time of his original sentencing, 165.25 grams of cocaine base were attributed to Defendant. *Probation Mem.*, at 3.

Over the next nine years, the Court reduced Defendant's sentence three times. First, on September 21, 2010 the Court resentenced Defendant to 235 months of imprisonment and five years of supervised release pursuant to the Sentencing Commission's amendments to section 1B1.10 of the United States Sentencing Guidelines. *Id.* On January 13, 2012, Defendant was again resentenced to 151 months of imprisonment and five years of supervised release pursuant to further amendments to section 1B1.10 of the Guidelines. *Id.* Finally, on September 11, 2015, Defendant's

sentence was reduced to 130 months of imprisonment and five years of supervised release as a result of the 2014 Drug Amendment. *Id.*

Defendant was released from federal custody on November 15, 2016. *Id.* at 5. He subsequently began serving the remainder of an undischarged state sentence for first-degree murder. *Eligibility Mem.*, at 1. According to the West Virginia Department of Corrections, Defendant's next parole hearing is set for January 23, 2020.

## II. LEGAL STANDARD

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "The First Step Act"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," that triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3. To be eligible, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[1] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* Though a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.*

This discretion given to courts whether to grant relief is broad and indicative of how authority under this statute can be exercised. Courts in this district and throughout the Fourth

---

[1] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(B). *See United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories and adopting the latter). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99, 102 (2013). Due to this constitutional consideration, this Court—along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

## III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Here, Defendant was charged with possession with the intent to distribute fifty grams of cocaine base;[2] as such, he is subject to the statutory sentencing provisions outlined in 21 U.S.C. § 841(b)(1)(B). The statutory maximum sentence for a violation of 21 U.S.C. § 841(b)(1)(B) is forty years, rendering a conviction for such an offense a Class B Felony. *See* 18 U.S.C. § 3559(a)(2). As Defendant has already been released from federal custody, only the length of his term of supervised release is implicated here. Class B felonies carry a statutory maximum term of supervised release of five years under 18 U.S.C. § 3583(b)(1), and convictions under 21 U.S.C. § 841(b)(1)(B) carry a mandatory minimum term of supervised release of four years. The Court is thus bounded by a four-year minimum and five-year maximum term of supervised release.

Both Defendant and the United States agree that a reduction to the statutory minimum term of supervised release is appropriate in this case. The United States puts it well in noting that a "slight reduction in the term of Supervised Release would constitute a variance from the original sentence, giving effect to the Court's intent to sentence defendant to less than the 2008 guideline range without compromising other interests of justice." *Resp. to Eligibility Mem.*, at 7–8.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the

---

[2] That 165.25 grams of cocaine base were attributed to Defendant at the time of his original sentencing is irrelevant to calculating his statutory sentencing exposure. *See Alleyne v. United States*, 570 U.S. 99, 102 (2013).

nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court imposes a reduced sentence of four years of supervised release to begin after his release from state custody. This Order in no way alters any other aspect of the Court's previous judgment in this case.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to reduce sentence under the First Step Act, ECF No. 115, and **ORDERS** the defendant's sentence of supervised release be **REDUCED** to four years.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 29, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE